The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
October 8, 2020

## 2020COA143

**No. 19CA0014, *People v. Rice* — Criminal Law — Sentencing — Restitution — Assessment of Restitution**

A division of the court of appeals adopts the reasoning from

*People v. Weeks*, 2020 COA 44, which determined that the district

court must order a specific amount of restitution within ninety-one

days of sentencing. But the division departs from *Weeks* by holding

that a district court may impose restitution after that time based on

an implied finding of good cause that is supported by the record.

COLORADO COURT OF APPEALS                                    2020COA143

---

Court of Appeals No. 19CA0014
Pueblo County District Court No. 16CR2628
Honorable Thomas B. Flesher, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Brian Allen Rice,

Defendant-Appellant.

---

ORDER AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE JOHNSON
Dailey and Davidson*, JJ., concur

Announced October 8, 2020

---

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Lisa Weisz, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1    Defendant Brian Allen Rice (Rice) challenges the district court's order of restitution on grounds that (1) it was entered more than ninety-one days after his conviction without a showing of good cause and (2) he did not proximately cause the harm to the victim's vehicle. We affirm in part, reverse in part, and remand the case with instructions to modify the amount of restitution awarded.

## I.    Background

¶ 2    On August 7, 2018, Rice pled guilty to one count of first degree aggravated motor vehicle theft, display of unlawful license plates, under section 18-4-409(2)(h), (3)(a), C.R.S. 2019. He was also charged with two counts of the same, based on other aggravating factors: retaining possession for more than twenty-four hours and causing five hundred dollars or more in property damage. *See* § 18-4-409(2)(a), (e). But those additional charges were dismissed as part of Rice's plea agreement. The district court entered a restitution order in the amount of $3056.82 on November 14, 2018, ninety-nine days after Rice's sentence.

## II. Deadline to Determine Restitution Under Section 18-1.3-603(1)(b)

¶ 3　　No one disputes that the district court held the restitution hearing ninety-three days from entry of Rice's sentence and issued a restitution order ninety-nine days after entry of his sentence. We conclude that a district court must enter restitution within ninety-one days from sentencing, but that implied good cause to extend that deadline was shown in this case.

### A. Standard of Review

¶ 4　　The interpretation of the restitution statute is a question of law that we review de novo. *People v. Ortiz*, 2016 COA 58, ¶ 15. The issue of whether good cause exists to extend the ninety-one-day deadline to determine restitution under section 18-1.3-603(1)(b), C.R.S. 2019, is one we review for an abuse of discretion. *People v. Harman*, 97 P.3d 290, 294 (Colo. App. 2004). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misconstrues or misapplies the law. *People v. Weeks*, 2020 COA 44, ¶ 11.

## B. Analysis

¶ 5 Restitution is part of the district court's sentencing function in criminal cases. *People v. Vasseur*, 2016 COA 107, ¶ 16. Under the Colorado restitution statute, if a district court decides at sentencing to defer its decision regarding the appropriate amount of restitution, "the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined." § 18-1.3-603(1)(b).

¶ 6 At Rice's sentencing, the district court left open the specific amount of restitution for ninety-one days. Rice argues that under *People v. Turecek*, 2012 COA 59, ¶¶ 13-15, section 18-1.3-603(1)(b) requires a court to enter a restitution order within this time frame. We agree.[1]

---

[1] Subsequent to the entry of the order on appeal in *Turecek*, the time periods in the statute were amended from ninety to ninety-one days. Ch. 208, sec. 112, § 18-1.3-603, 2012 Colo. Sess. Laws 866-67.

### 1. Ninety-One Day Deadline

¶ 7    Divisions of this court have recently disagreed over whether the court or the prosecutor "determine[s]" restitution under section 18-1.3-603(1)(b) and (2).

¶ 8    *Weeks*, ¶¶ 12-13, held that section 18-1.3-603(1)(b)'s language of "determin[ing]" restitution refers to the district court's obligation to order a specific amount within ninety-one days, unless good cause is shown. Because the record in that case contained no explanation of good cause as to an eleven-month delay from conviction to entry of the restitution order, *Weeks* vacated the restitution order.

¶ 9    *People v. Perez*, 2020 COA 83, ¶¶ 18-26, 36, on the other hand, held that section 18-1.3-603(1)(b) only obligates the district court to consider restitution as part of the defendant's judgment of conviction, but does not necessarily impose a deadline of ninety-one days on the court. This interpretation, *Perez* reasons, avoids a circumstance when the district court must decide restitution within ninety-one days under subsection (1)(b), and the prosecutor may take the same full ninety-one days to determine the restitution amount it will seek under subsection (2).

¶ 10    Although we understand the rationale underlying *Perez*, we determine the statutory interpretation in *Weeks* to be more persuasive.[2]  Even though the district court did not enter Rice's restitution order within the required ninety-one days from entry of conviction, as we explain next, we conclude that good cause was shown to extend the deadline under section 18-1.3-603(1)(b).

## 2.    Good Cause

¶ 11    Section 18-1.3-603(1)(b) permits a court to extend the time period for determining restitution if "good cause is shown."  Our reading of this provision is where we depart from *Weeks* and

---

[2] In agreeing with *Weeks*, we reject the Attorney General's argument that the restitution statute does not require a court to "order" restitution within ninety-one days from conviction.  This argument is similar to the interpretation in *Perez*, although that case had yet to be decided when this issue was briefed.

We likewise reject the Attorney General's argument that restitution was entered upon the district court's initial grant of the prosecutor's proposed restitution within the ninety-one-day window, and that the court's subsequent order following Rice's restitution hearing was merely a modification of that order.  *See People v. Martinez-Chavez*, 2020 COA 39, ¶ 29 (rejecting Attorney General's argument that written objections to restitution are sufficient and holding that an in-person restitution hearing is necessary to afford the defendant "the opportunity to contest or otherwise challenge" the prosecution's evidence of restitution owed); *People v. Hernandez*, 2019 COA 111, ¶ 24 (holding that a restitution hearing is a "critical stage" of the prosecution "at which a defendant has a due process right to be present").

5

determine that a showing may be implied. We instead adopt the reasoning of *Knoeppchen*, ¶ 25, to the extent that division observed that "nothing in the statute explicitly requires the court to make an oral or written finding of good cause; rather, the statute merely requires good cause to be *shown*." (Emphasis added.) We acknowledge that the *Weeks* majority rejected *Knoeppchen*'s analysis of section 18-1.3-603(1)(b) on grounds that such analysis was dicta, as "the division ultimately determined that the defendant's motion to vacate the restitution order was time barred." *Weeks*, ¶ 16.

¶ 12    Regardless, subsection (1)(b) requires a *showing* of good cause, not an explicit finding, and we share *Knoeppchen*'s reluctance to read additional requirements into the statute when such words are not there. *See People v. Roddy*, 2020 COA 72, ¶¶ 25, 26 (assuming without deciding that the ninety-one day period applies to court to determine restitution, district court's use of "extenuating circumstances" constituted good cause to enter the order after that time period because the victim continued to incur and pay attorney's fees); *see also People v. Rojas*, 2019 CO 86M, ¶ 11 ("We may not add or subtract words from [a] statute, but instead read

6

the words and phrases in context, construing them according to the rules of grammar and common usage.").

¶ 13　Such a showing under the statute is also, in our view, not time-restricted. *See Knoeppchen*, ¶ 26 (finding "no authority . . . that requires the showing (or finding) of good cause to occur at any particular time"). We therefore reject Rice's argument that the district court needed to affirmatively grant an extension within the original statutory time period to enter a valid restitution order after ninety-one days had passed.

¶ 14　With that said, we underscore the requirement that implied good cause must be *shown* or *demonstrated* in the record for us to uphold a district court's tardy restitution order. *See Harman*, 97 P.3d at 294; *see also Weeks*, ¶ 27 (reversing the district court's eleven-month late restitution order where "[t]he trial court's ruling did not explain, *and the record does not show*, what good cause, if any, existed for that inordinate delay") (emphasis added). We will not simply assume good cause exists by virtue of the district court entering an order following the ninety-one day period. *See, e.g.*, *Weeks*, ¶ 17 ("To the extent that the division in *Knoeppchen* said that an order extending a prosecutor's time to seek restitution

*always* constitutes good cause under section 18-1.3-603(1)(b), we respectfully decline to follow the decision.") (emphasis added).

¶ 15    Here, the record reflects that good cause was shown to extend the time period for determining restitution under section 18-1.3-603(1)(b).  The timeline of filings, actions, and hearings that followed Rice's conviction reflects a trial court that was proactively attending to the unresolved restitution issue, but ultimately missed the ninety-one-day deadline by mere days due to docket scheduling.

- The parties did not agree on the amount of restitution, so the district court left it open for ninety-one days.

- Three days after the conviction entered, the prosecution filed its motion for restitution, seeking $3605.34 payable to the victim for automobile repairs.  Six days after the conviction entered, the district court granted the motion before Rice filed his objection.

- Rice filed his objection to the prosecution's proposed restitution fifty-two days after his conviction, leaving the district court with less than half of the presumptive ninety-one-day period.

- Four business days after Rice's objection, the district court placed the matter on its upcoming setting docket.

- At the setting hearing, the court attempted to expedite the restitution issue by inquiring whether counsel "could talk and maybe reach an agreement."

- When this attempt was unsuccessful, the court was left with fifteen days to schedule a restitution hearing, preside over the hearing, and enter a restitution order.

- The court held the restitution hearing two days past the presumptive deadline and, after taking the matter under advisement, entered its final order eight days late.

Such a procedural history constitutes a showing of implied good cause.

¶ 16    The district court kept up with the filings in this case and repeatedly took action; it did not let the issue of restitution languish unresolved for months. *Cf. id.* at ¶¶ 6-8, 10, 28 (reversing restitution order where more than seven months elapsed without the district court acting on the defendant's filed objection). Given the circumstances in this case, we will not vacate an order of restitution where, despite the documented reasonable efforts of the

court, "the press of other business precludes the court from determining the amount within the ninety-one-day window." *See Perez*, ¶ 59 (Yun, J., concurring in part and dissenting in part).

### III. Restitution Award

¶ 17 Rice contends that the prosecutor failed to prove by a preponderance of the evidence that he proximately caused the damage to the victim's vehicle. We agree in part but direct the district court to order a modified restitution amount of $500.

### A. Waiver Argument

¶ 18 As an initial matter, we disagree with the Attorney General's argument that Rice waived his right to challenge the finding that he caused all the damages reflected in the restitution order.

¶ 19 Rice signed a plea agreement which stated that "[t]he defendant will be ordered to pay restitution to the victim(s) of his/her conduct" and that "[d]ismissed counts will be considered for sentencing and restitution purposes." He verbally acknowledged this requirement at sentencing and stipulated to a factual basis for his plea.

¶ 20 From these acknowledgments alone, we do not view Rice to have waived the right to challenge causation of the victim's

10

damages for restitution purposes. *See People In Interest of A.V.*, 2018 COA 138M, ¶ 16 (noting that "simply stipulating to a factual basis may be insufficient to waive causation where the issue of causation is not specifically identified or discussed"). The general acknowledgments contained in Rice's plea agreement and sentencing statements differ considerably from the specific types of admissions that have characterized scenarios where a court found such a waiver. *See, e.g.*, *McCarty v. People*, 874 P.2d 394, 400-01 (Colo. 1994) (concluding that the defendant could not disavow restitution obligation where she agreed to restitution amount "on several occasions without objection and while represented by and in the presence of counsel"); *A.V.*, ¶ 18 (concluding the defendant waived his argument challenging causation of restitution where defense counsel conceded exact amount of restitution owed and requested that the court order that amount).

¶ 21    We decline to conclude Rice waived his right to challenge causation and will consider his sufficiency challenge.

11

## B. Standard of Review and Applicable Law

¶ 22     We review the sufficiency of the evidence to support a restitution award de novo.[3] *People v. Barbre*, 2018 COA 123, ¶ 25; *see also People v. Jaeb*, 2018 COA 179, ¶ 48 (concluding that defendant's claim "that the prosecution failed to prove that he caused the damage" is "a sufficiency determination that should be reviewed de novo"); *Ortiz*, ¶ 26 (same). In doing so, we evaluate "whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, establishes by a preponderance of the evidence that the defendant caused that amount of loss." *Barbre*, ¶ 25.

¶ 23     The General Assembly defines restitution as "any pecuniary loss suffered by a victim," including "losses or injuries proximately caused by an offender's conduct and that can be reasonably

_____

[3] We disagree with the Attorney General that under *People v. Henry*, 2018 COA 48M, ¶ 12, we review a restitution order for abuse of discretion. While this may be true for certain aspects of a restitution order, Rice's contention that the prosecution failed to prove proximate cause represents a sufficiency of the evidence challenge. *See People v. Ortiz*, 2016 COA 58, ¶ 26 ("True, setting the terms and conditions of restitution involves discretionary calls. But defendant challenges the sufficiency of the evidence.") (citations omitted).

calculated and recompensed in money." § 18-1.3-602(3)(a), C.R.S 2019. The prosecution bears the burden of proving by a preponderance of the evidence both the amount of restitution owed and that the victim's losses were proximately caused by the defendant. *Vasseur*, ¶ 15.

¶ 24 Proximate cause in the context of restitution is defined as a cause which in natural and probable sequence produced the claimed injury and without which the claimed injury would not have been sustained. *People v. Rivera*, 250 P.3d 1272, 1274 (Colo. App. 2010).

## C. Sufficiency of the Evidence

¶ 25 Rice argues that the prosecution failed to satisfy its burden in proving by a preponderance of the evidence that he proximately caused $3056.82 in damages to the victim's vehicle. We agree, except as discussed below, with respect to consideration of the dismissed criminal charge.

¶ 26 In a restitution proceeding, "more than speculation is required in order for a defendant to be ordered to bear responsibility for the victim's loss." *People v. Randolph*, 852 P.2d 1282, 1284 (Colo. App.

1992).  We view the district court's conclusion that Rice proximately caused $3056.82 of the victim's losses to be speculative.

¶ 27    At the restitution hearing, the court heard evidence concerning the dollar value of damages to the victim's vehicle, including testimony from the victim and an itemized list of repair estimates from an auto body shop dated approximately a month from the vehicle's recovery.  The victim testified the instrument panel, center console, ignition, heating system, front hood, back seat, and bumper were damaged.

¶ 28    But the prosecution did not present evidence at the hearing — and the record contains insufficient evidence — that Rice more likely than not proximately caused these damages.  Whereas the victim testified at the restitution hearing that the car had been stolen for almost a year before it was recovered, the police reports and sentencing transcript both reflect Rice's own account that he had only purchased the car weeks before, "got a deal that was too good to be true," and "did not follow the proper channels to ensure the vehicle was not stolen."

¶ 29    This purported gap of time — indeed a substantial period — between when the car was stolen and when Rice claims to have

obtained possession is problematic in determining whether, and to what extent, Rice proximately caused the damages that the district court awarded. Other divisions of this court have vacated restitution orders involving shorter lengths of time in which the prosecution failed to prove proximate cause for damage due to the defendant's mere possession. *See, e.g., People in Interest of D.I.*, 2015 COA 136, ¶ 24 (vacating restitution order for damages to stolen car when the defendant's possession did not establish damage to and initial theft of the vehicle two days earlier); *Randolph*, 852 P.2d at 1284 (reversing restitution order for personal property taken from stolen car where the defendant was not involved with the initial theft).

¶ 30 Rice's statements are not dispositive as to what happened in this case. But it was not Rice's burden to prove that he *did not* proximately cause $3056.82 in damages to the car; it was the prosecution's burden to prove that he *did*.

¶ 31 The only evidence that Rice was involved with the initial theft is that the car was parked at his residence when it was recovered nearly a year later. Such evidence is insufficient to establish Rice's involvement with the initial theft, and, by extension, his continuous

possession of the car over the course of the year it was presumably damaged.

¶ 32     Assuming Rice's account to be true that he only possessed the car for a short time, it is certainly possible that he caused part, or all, of the $3056.82 in damages in the intervening weeks between when he obtained possession and when the vehicle was recovered upon his arrest.  But we find no evidence in the record — and none was presented at the restitution hearing — of *when* these damages were sustained.  Therefore, regardless of when Rice took possession the stolen car, the evidence is insufficient to show that he proximately caused this amount of damages.

¶ 33     The Attorney General argues that *D.I.* and *Randolph* are distinguishable, as Rice pled guilty to first degree aggravated automobile theft, while those cases involved the lesser offenses of second degree motor vehicle theft and theft by receiving, respectively.  We disagree that the severity of the offense is a distinguishing factor, however, as one can be convicted of aggravated motor vehicle theft in the first degree without having committed the initial theft and causing all of the attendant damages.  *See* § 18-4-409(2) ("A person commits aggravated motor

16

vehicle theft in the first degree if he or she knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception and: [engages in any listed behaviors].")

¶ 34 We therefore reverse the district court's restitution order of $3056.82, as the prosecution did not sufficiently prove Rice to have proximately caused the entirety of the damages.

¶ 35 We note, however, that Rice signed a plea agreement stating that "[d]ismissed counts *will be considered* for sentencing and restitution purposes." (Emphasis added.) We now turn to whether consideration of the dismissed charge warrants entry of a modified restitution award.

### D. Consideration of Dismissed Charge

¶ 36 One dismissed count with which Rice was charged was first degree aggravated motor vehicle theft (causing five hundred dollars or more in property damage). *See* § 18-4-409(2)(e). A person commits that crime if he or she knowingly obtains or exercises control over the motor vehicle of another without authorization and "[c]auses five hundred dollars or more property damage, including but not limited to property damage to the motor vehicle involved, in

17

the course of obtaining control over or in the exercise of control of the motor vehicle." *Id.*

¶ 37 We acknowledge that restitution may not be awarded for criminal conduct of which the defendant was acquitted, *see Cowen v. People*, 2018 CO 96, ¶ 24, or for conduct with which the defendant was never criminally charged, *People v. Sosa*, 2019 COA 182, ¶ 1.

¶ 38 But here, the plea agreement mandates the consideration that Rice caused a *minimum* of five hundred dollars of damage. Although the prosecution did not sufficiently prove Rice proximately caused specific damages *above* this minimum amount, awarding restitution in the modified amount of $500 gives effect to the terms of Rice's plea agreement. *See People v. Antonio-Antimo*, 29 P.3d 298, 303 (Colo. 2000) ("Plea agreements are contractual in nature."); *People v. Johnson*, 999 P.2d 825, 829 (Colo. 2000) ("Determination of the parties' obligations under a plea agreement is a question of law we review de novo."); *see also Sosa*, ¶ 29 (acknowledging that the prosecution and defense may "enter[] into a plea agreement pursuant to which dismissed or uncharged counts will be considered for purposes of restitution").

¶ 39    Aside from Rice's plea agreement, which explicitly contemplates a restitution award covering dismissed charges, such an award is further bolstered by the record.  The district court's ordered restitution of $3056.82 was a *reduction* from the prosecution's original proposed amount of $3605.34.  This reduction was based on Rice's filed objection that the amount of restitution was "excessive" because he did not cause the damage to the front bumper.

¶ 40    In other words, the focus of Rice's challenge to the restitution award in the underlying case disputed the *amount* — not the *fact* — of restitution owed.  Consequently, the record further supports our imposition of modified restitution of $500 in consideration of the dismissed count of first degree aggravated motor vehicle theft with a minimum damage component.  *See People v. Stone*, 2020 COA 24, ¶ 5 (noting that the purpose of imposing restitution against defendants is to compensate victims, and that "the Restitution Act is to be 'liberally construed' to accomplish that purpose" (quoting *People v. McCann*, 122 P.3d 1085, 1087 (Colo. App. 2005))).

## IV.    Conclusion

The district court's restitution order is affirmed in part and reversed in part, and the case is remanded with instructions to award restitution in the modified amount of $500.

JUDGE DAILEY and JUDGE DAVIDSON concur.