19CA1882 Peo v McClearen 10-21-2021 COLORADO COURT OF APPEALS Court of Appeals No. 19CA1882 Teller County District Court No. 17CR116 Honorable Lin Billings Vela, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Kevin Lee McClearen, Defendant-Appellant. ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS Division I Opinion by JUDGE KUHN Dailey, J., concurs Dunn, J., concurs in part and dissents in part NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced October 21, 2021 Philip J. Weiser, Attorney General, Erin K. Grundy, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Emily Hessler, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 Defendant, Kevin Lee McClearen, appeals the trial court’s restitution order. We reverse and remand with instructions. I. Background ¶ 2 At trial, the jury found McClearen guilty of five domestic violence offenses: stalking, harassment, and three counts of violation of a protection order.1 The court sentenced McClearen to an aggregate term of eight years in the custody of the Department of Corrections. At the sentencing hearing, the prosecution asked to reserve the issue of restitution for ninety-one days. The trial court granted the request. ¶ 3 Ninety days later, the prosecution filed a proposed order titled “Restitution Payout Order/Judgment,” which contained a restitution request. The prosecution asked for $271.89 payable to the victim, N.C., but did not provide any additional information, such as a factual basis, supporting documentation, or description of the loss allegedly suffered by N.C. 1 McClearen’s direct appeal of the conviction is pending before this court in case number 18CA2058. 
2 ¶ 4 The proposed order included a “Notice to Defendant,” which read: If you object to the restitution amount, you may request a hearing before this Court by contacting the Division Clerk within 30 days to set a hearing date. Failure to request a timely hearing will result in a final order for the full amount of restitution requested, and the order will not be subject to review. ¶ 5 The parties don’t dispute that the request was never served on McClearen, trial counsel, or appellate counsel (who had been appointed following the judgment of conviction but before the prosecution submitted the restitution request). The restitution request included a signed certificate of service, but the People note that the e-filing system doesn’t show that service occurred. ¶ 6 Thirty-two days later — and 122 days after the judgment of conviction entered — the court granted the prosecution’s request without a hearing and with no explanation or findings. ¶ 7 At the time the restitution order entered, McClearen was serving his prison sentence. The court mailed the order to McClearen’s Florissant address, but it was returned as undeliverable and stamped with the notation “Moved Left No Address/Unable to Forward/Return to Sender.” The court didn’t 
3 serve the order on either trial or appellate defense counsel, and McClearen’s appellate attorney states that she only discovered the restitution order while working on the direct appeal. II. Analysis ¶ 8 McClearen contends that the trial court erred when, without notice to him or his counsel, it ordered restitution more than ninety-one days after the judgment of conviction without a showing of good cause. He also contends that the prosecution presented insufficient evidence to support the restitution award. ¶ 9 We conclude that McClearen’s due process rights were violated when he didn’t receive notice of the prosecution’s restitution request or the court’s order. We reverse the restitution order on that basis. Because we reverse the order, and because McClearen will have the opportunity to challenge any subsequent request for restitution, we don’t address the sufficiency issue. A. Notice ¶ 10 The parties agree that McClearen didn’t receive notice of the prosecution’s restitution request or the court’s order. Due process requires notice and an opportunity to be heard. People v. Pourat, 100 P.3d 503, 505 (Colo. App. 2004). When restitution is reserved 
4 at the prosecution’s request, a defendant is entitled to object to the request and to a hearing if he requests one. People v. Martinez-
Chavez, 2020 COA 39, ¶ 25. Because McClearen didn’t receive notice and didn’t have the opportunity to contest the request, his due process rights were violated and the restitution order must be reversed. B. Restitution Deadline ¶ 11 Next, we turn to McClearen’s contention that the court improperly issued the restitution order beyond the statutory deadline. ¶ 12 “The proper interpretation of the restitution statute is a question of law that we review de novo.” People v. Weeks, 2020 COA 44, ¶ 11 (cert. granted Oct. 12, 2020). We review whether good cause exists to extend the statutory deadline to determine restitution for an abuse of discretion. Id. A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair or if it misconstrues or misapplies the law. Id. ¶ 13 We treat this issue as preserved because McClearen had no opportunity to object to the prosecution’s request or the court’s order due to lack of notice. See Crim. P. 51 (“[I]f a party has no 
5 opportunity to object to a ruling or order, the absence of an objection does not therefore prejudice him.”); see Zoll v. People, 2018 CO 70, ¶ 71. ¶ 14 Restitution is part of the trial court’s sentencing function. Martinez-Chavez, ¶ 16. A sentence is illegal if the sentencing court fails to address restitution. Id. ¶ 15 Under section 18-1.3-603(1)(b), C.R.S. 2021, “the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown” for extending that time period. Under section 18-1.3-603(2), [t]he court shall base its order for restitution upon information presented to the court by the prosecuting attorney . . . . Further, the prosecuting attorney shall present this information to the court prior to the order of conviction or within ninety-one days, if it is not available prior to the order of conviction. The court may extend this date if it finds that there are extenuating circumstances affecting the prosecuting attorney’s ability to determine restitution. ¶ 16 Currently, divisions of this court are split on whether it is the trial court or the prosecutor who must “determine” restitution 
6 under section 18-1.3-603(1)(b) and (2).2 Compare People v. Rice, 2020 COA 143, ¶¶ 7-11 (concluding that, absent a showing of good cause to extend that time period, ninety-one days is the deadline for the trial court to order restitution), and Weeks, ¶¶ 12-22 (same), with People v. Perez, 2020 COA 83, ¶¶ 15-37 (concluding that ninety-one days is the deadline for the prosecution to determine and request the appropriate amount of restitution). ¶ 17 We conclude that Rice and Weeks provide the more persuasive statutory analysis. Therefore, the trial court was responsible for ordering the specific amount of restitution to be paid within ninety-one days after the judgment of conviction absent a showing of good cause for extending the deadline. ¶ 18 Section 18-1.3-603(1)(b) permits the trial court to extend the time period beyond ninety-one days when “good cause is shown.” Because “nothing in the statute explicitly requires the court to make an oral or written finding,” a showing of good cause may be 2 The supreme court has granted certiorari on this issue in two cases: People v. Weeks, (Colo. No. 20SC340, Oct. 12, 2020) (unpublished order); and People v. Roddy, (Colo. No. 20SC491, Nov. 16, 2020) (unpublished order). 
7 implied from the record. Rice, ¶ 11 (quoting People v. Knoeppchen, 2019 COA 34, ¶ 25). But given the unique facts of this case, the record does not contain sufficient information for us to make a conclusion whether good cause existed. We conclude that it is appropriate for the district court to determine whether the facts of this case constitute good cause under the circumstances.3 If the district court finds that good cause existed, it should conduct further proceedings to determine restitution consistent with the statute and this opinion. III. Conclusion ¶ 19 The restitution order is reversed and this matter is remanded for the district court to determine whether good cause existed to 3 While we are mindful of the party presentation principle issues raised in the partial dissent, we respectfully take a different view of the arguments in crafting the appropriate remedy. While not labeled as such, the People essentially argue good cause. In arguing that if we interpreted the statute the way we did, a “‘good cause’ extension would consistently become the rule rather than the exception,” the People implied that this case too would qualify for a “good cause” extension. The People also state that the record suggests good reasons why the court waited beyond the ninety-one-
day period to enter the order. Further, both parties agree that, as an alternative to vacating the order, remand for further proceedings is an appropriate remedy for this case. 
8 extend the ninety-one-day period within which the specific amount of restitution must have been determined and any other proceedings consistent with this opinion. JUDGE DAILEY concurs. JUDGE DUNN concurs in part and dissents in part. 
9 JUDGE DUNN, concurring in part and dissenting in part. ¶ 20 Because the restitution order was entered after the ninety-one-
day deadline set forth in section 18-1.3-603(1)(b), C.R.S. 2021, I agree with the majority that the trial court didn’t have statutory authority to enter it. See People v. Weeks, 2020 COA 44, ¶¶ 13, 29 (cert. granted Oct. 12, 2020). Thus, like the majority, I disagree with People v. Perez, 2020 COA 83, which holds that the trial court doesn’t have to determine restitution within ninety-one days. But with respect, I think that under the circumstances here the order should be vacated, not reversed. ¶ 21 The majority reverses the restitution order and remands it to the district court “to determine whether the facts of this case constitute good cause under the circumstances.” Supra ¶ 18. But the People didn’t ask us to do that. Rather, they argue exclusively — and at some length — that Perez correctly interpreted the restitution statute and that “the trial court’s entry of restitution more than ninety-one days after the sentence was consistent with the statute, and it was not error.” ¶ 22 And “[a]s a general rule, ‘[o]ur adversary system is designed around the premise that the parties know what is best for them[] 
10 and are responsible for advancing the facts and arguments entitling them to relief.’” Compos v. People, 2021 CO 19, ¶ 35 (quoting Greenlaw v. United States, 554 U.S. 237, 243-44 (2008)); see also Rodriguez v. IBP, Inc., 243 F.3d 1221, 1227 (10th Cir. 2001) (“This court will not make arguments for [a party] that he did not make himself.”). ¶ 23 That’s not to say reversal would never be appropriate where a restitution order entered after ninety-one days. Had the People argued that, in the event we declined to follow Perez, we should reverse the order and remand for a determination as to whether good cause supported the late restitution order, I would consider that argument. But they didn’t; so I wouldn’t. See, e.g., Compos, ¶ 35; see also Galvan v. People, 2020 CO 82, ¶ 45 (The party presentation principle “relies on the parties to frame the issues to be decided and assigns to courts the role of neutral arbiters of the matters raised.”). ¶ 24 For that reason, I would vacate the restitution order. See Weeks, ¶ 11.