23CA0679 Peo in Interest of JRR 01-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0679
City and County of Denver Juvenile Court No. 22JD476
Honorable Elizabeth McCarthy, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of J.R.R.,

Juvenile-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Brown and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 30, 2025

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Petitioner-Appellee

Megan A. Ring, Colorado State Public Defender, Daniel J. Sequeira, Deputy
State Public Defender, Denver, Colorado, for Juvenile-Appellant

¶ 1    J.R.R., a juvenile, appeals the juvenile court's restitution order in her delinquency case.  We affirm.

## I.    Background

¶ 2    J.R.R. was arrested after the victim saw J.R.R. and another person break into his car and J.R.R. try to start it.  Police found a screwdriver inside the car that didn't belong to the victim.

¶ 3    The People charged J.R.R. with first degree attempted aggravated motor vehicle theft, second degree trespass, and possession of burglary tools.  J.R.R. pleaded guilty to the trespass charge in exchange for dismissal of the other charges.

¶ 4    The People requested restitution of $500, the amount of the victim's automobile insurance deductible.  J.R.R.'s counsel objected to the restitution request at the sentencing hearing.  The court set a hearing on the request.  At the hearing, the prosecutor submitted the repair estimate from the victim's car insurer as proof of the restitution amount.  J.R.R.'s counsel again objected, contending that the insurance estimate (1) was hearsay which, since there was no witness, he couldn't cross-examine; (2) hadn't been authenticated; (3) showed a date of loss before the date of the offense; (4) didn't show whether the victim actually paid for the

1

repairs; and (5) didn't show damages proximately related to the trespass charge.

¶ 5     The juvenile court rejected these arguments and ordered $500 in restitution, attributable to the victim's deductible.

## II.     Discussion

¶ 6     J.R.R. contends that the juvenile court erred by ordering restitution because (1) the deductible was a loss caused by conduct underlying a dismissed charge (attempted aggravated motor vehicle theft); (2) the estimate showed a date of loss before the date of the offense; (3) there was insufficient evidence of the amount because the prosecution submitted only a single, hearsay insurance estimate; and (4) the prosecution failed to prove proximate cause. We discuss, and reject, these contentions in turn.

### A.     Authority to Impose Restitution

¶ 7     J.R.R. first contends that the juvenile court erred by imposing restitution based on conduct underlying a dismissed charge. We disagree.

#### 1.     Standard of Review and Relevant Law

¶ 8     Whether a juvenile court had the authority to impose restitution is a legal question that we review de novo. *People v.*

*Roddy*, 2021 CO 74, ¶ 23 (citing *Cowen v. People*, 2018 CO 96,

¶ 11).

¶ 9    Under section 19-2.5-1104(1), C.R.S. 2024, a court must enter

a sentencing order requiring a juvenile to pay restitution when the

juvenile damaged a victim's personal property.[1]

¶ 10    Unless otherwise agreed, a court lacks authority to enter

restitution orders for charges of which the juvenile was acquitted,

losses proximately caused only by conduct underlying dismissed

charges, and losses caused only by conduct that wasn't charged.

*Cowen*, ¶¶ 39-41; *Roddy*, ¶ 32; *People v. Sosa*, 2019 COA 182, ¶ 26.

But there is no requirement that "restitution must be directly

related to an element of the crimes for which [one] was convicted."

*People v. Moss*, 2022 COA 92, ¶ 18.  Instead, there must be an

evidentiary link between the conduct underlying the charge of

---

[1] Neither party cites to the Children's Code, which ultimately gave the juvenile court authority to impose restitution.  But the parties correctly note that the manner of the juvenile court's imposition of restitution tracks that in the Criminal Code.  *See* § 19-2.5-1104(1), C.R.S. 2024 (courts "shall enter a sentencing order requiring the juvenile to make restitution as required by article 18.5 of title 16 and part 6 of article 1.3 of title 18"); *People in Interest of D.S.L.*, 134 P.3d 522, 527 (Colo. App. 2006) (juvenile courts may order restitution in the same manner as required by restitution statutes governing adult criminal prosecutions).

which the defendant was convicted and the victim's damages. *Id.* at ¶¶ 18-19.

## 2. Analysis

¶ 11 J.R.R.'s conduct underlying the trespass charge gave the juvenile court authority to impose restitution for the victim's insurance deductible. According to the insurance estimate, the combined cost of replacing the car's door lock and keys and repairing the paint damage to the door was $805.92, more than the $500 deductible. Those damages are directly related to J.R.R.'s admitted trespass because J.R.R. entered the victim's car — an element of the trespass charge, *see* § 18-4-503(1)(c), C.R.S. 2024 — by using a screwdriver on the door lock to open the door. Therefore, the juvenile court had authority to enter the restitution order.

## B. Date of Loss

¶ 12 The People concede that the insurance estimate shows the wrong date — September 18, 2022 — as the "Date of Loss." (The trespass occurred on September 24, 2022.) But they argue that the date shown on the estimate is a "technical or typographical error." We agree with the People that this is the only reasonable

explanation for the date of loss shown on the estimate, which itself is dated September 26, 2022, two days after the offense.

### C. Sufficiency of the Evidence of Amount

¶ 13    J.R.R. next contends that we should vacate the restitution order because it is based entirely on the insurance estimate — a hearsay document that shows a date of loss before the offense — that on its own is insufficient to prove the amount of the loss. We aren't persuaded.

### 1. Standard of Review

¶ 14    We will assume, without deciding, that J.R.R.'s challenge to the sufficiency of the evidence of the amount of restitution is a "true" sufficiency challenge — that is, one addressing "whether the *quantum* of evidence provided to the court is 'substantial and sufficient' to support a reasonable juror's conclusion of guilt beyond a reasonable doubt." *Martinez v. People*, 2024 CO 6M, ¶¶ 20, 22 (citing *Clark v. People*, 232 P.3d 1287, 1291 (Colo. 2010)).

### 2. Analysis

¶ 15    J.R.R.'s challenge fails for three interrelated reasons.

¶ 16    First, the rules of evidence — including rules regarding hearsay — aren't applicable to restitution determinations. *People v.*

*Babcock*, 2023 COA 49, ¶ 31 n.3 (citing *People v. Vasseur*, 2016 COA 107, ¶¶ 20-21) (*cert. granted on other grounds* Apr. 8, 2024). Thus, the court was free to give the document whatever weight it thought appropriate.

¶ 17    Second, the prosecution may rely solely on documentary evidence to meet its evidentiary burden. *People in Interest of A.V.*, 2018 COA 138M, ¶ 35. J.R.R. claims that no previous published case has held that a single document may be sufficient. *See id.* at ¶¶ 25-30 (court could rely on an insurance estimate and other documents to determine restitution); *People v. Stanley*, 2017 COA 121, ¶¶ 7-12, 34 (affirming a restitution order based on two documents). Perhaps, but J.R.R. doesn't cite any case holding that a single document is necessarily insufficient, and we don't see a logical reason — or one based in statute — for drawing such a line.

¶ 18    Third, we agree with the People that we should look at the entire record when determining whether the evidence was sufficient. After doing so, we conclude that it was. The insurance estimate included the following information: the victim's name, a description of the victim's car, that car's VIN, the car's license plate number, the location at which the victim saw J.R.R.'s trespass, a description

6

of the damage to the car's door, and an itemization of the costs to repair the door. As well, J.R.R. admitted at the providency hearing that she entered the car, and the statement of probable cause described both the offense and the damage to the vehicle.

¶ 19 In sum, although the prosecution could have done a better job of presenting evidence of the amount and date of loss, we can't conclude that the evidence it did present was insufficient as a matter of law.

¶ 20 *Moss*, 2022 COA 92, on which J.R.R. relies, doesn't dictate such a conclusion. In that case, Moss pleaded guilty to aggravated motor vehicle theft and first degree criminal trespass. *Id.* at ¶¶ 3-5. The prosecution sought restitution for damage to the car's transmission and battery but didn't introduce any evidence to show how Moss's underlying conduct on the date of offense as charged caused that particular damage. *Id.* at ¶¶ 2, 15. J.R.R., however, admitted to trespassing on September 24, 2022, and her conduct on that date required the victim to pay a $500 insurance deductible. (As discussed above, the date shown on the estimate is clearly a typographical error.)

### D. Proximate Cause

¶ 21 Lastly, J.R.R. contends that there wasn't any evidence showing that she proximately caused damage to the vehicle. Again, we disagree.

#### 1. Standard of Review and Relevant Law

¶ 22 We review a court's factual determination of proximate cause for clear error. *Martinez*, ¶¶ 24-29. A court's finding of fact is clearly erroneous only if the record lacks evidence supporting it. *Id.* at ¶ 34.

¶ 23 When a defendant is convicted of or pleads guilty to a charge, she is responsible for "losses or injuries *proximately caused by an offender's conduct* and that can be reasonably calculated and recompensed in money." § 18-1.3-602(3)(a), C.R.S. 2024 (emphasis added). "Proximate cause is any 'cause which in natural and probable sequence produced the claimed injury.'" *Martinez*, ¶ 13 (quoting *People v. Stewart*, 55 P.3d 107, 116 (Colo. 2002)).

#### 2. Analysis

¶ 24 J.R.R. specifically argues that there is no evidence demonstrating a proximate cause for the steering column damage covered by the estimate. But even if that is true, the cost of

repairing the damage to the door was $805.92, which exceeds the $500 deductible. J.R.R. pleaded guilty to the trespass charge and therefore to the conduct underlying that charge. *See People v. Flagg*, 18 P.3d 792, 794 (Colo. App. 2000). As noted, that conduct included using a screwdriver to get into the victim's car. It could reasonably be inferred that that act damaged the door lock and paint.

¶ 25    J.R.R. analogizes the circumstances in this case to those in *People v. Rice*, 2020 COA 143, ¶¶ 25-35, *overruled on other grounds by People v. Weeks*, 2021 CO 75. But *Rice* is distinguishable. Rice pleaded guilty to automobile theft and the prosecution sought restitution for damage to the vehicle. *Id.* at ¶ 27. The vehicle was recovered almost a year after the theft, and the prosecution didn't present any evidence that Rice caused the damage when she stole the car. *Id.* at ¶¶ 28-29. In this case, however, there is sufficient evidence linking J.R.R.'s trespass to the car door damage.

### III.    Disposition

¶ 26    The order is affirmed.

JUDGE BROWN and JUDGE YUN concur.

9