21CA1146 Peo v Melendez-Carrera 08-15-2024 COLORADO COURT OF APPEALS Court of Appeals No. 21CA1146 Adams County District Court No. 20CR1011 Honorable Caryn A. Datz, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Ruben Melendez-Carrera, Defendant-Appellant. ORDER VACATED Division III Opinion by JUDGE DUNN Yun and Moultrie, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 15, 2024 Philip J. Weiser, Attorney General, Matthew S. Holman, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Lisa Weisz, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
 1 ¶ 1 Defendant, Ruben Melendez-Carrera, appeals the trial court’s restitution order. We vacate the order. I. Background ¶ 2 Melendez-Carrera pleaded guilty to second degree assault and agreed to pay “any Court-ordered restitution.” ¶ 3 On December 17, 2020, the trial court sentenced Melendez-
Carrera and granted the prosecution’s request to “reserve restitution” for ninety-one days. ¶ 4 On February 26, 2021 — seventy-one days after sentencing — the prosecution filed its restitution motion. A few days later, the court granted the prosecution’s request that any objection be filed within thirty-five days. ¶ 5 On March 26 — less than thirty-five days later but one hundred days after sentencing — Melendez-Carrera objected to the restitution motion, arguing, among other things, that under section 18-1.3-603(1)(b), C.R.S. 2023, and People v. Weeks, 2020 COA 44 (Weeks I), the trial court “lack[ed] jurisdiction to impose restitution” because it hadn’t done so within the statutory ninety-one-day deadline. The prosecution never responded to this particular argument, and the court never addressed it. 
 2 ¶ 6 Ultimately, on June 18 — one hundred and eighty-four days after sentencing — the court ordered Melendez-Carrera to pay $5,678.40 in restitution. II. The Trial Court Lacked Authority Under the Restitution Statute and Weeks ¶ 7 Melendez-Carrera contends that the trial court lacked authority to enter the restitution order more than ninety-one days after his sentencing because it didn’t make an express good cause finding to extend that deadline as required by section 18-1.3-
603(1)(b) and People v. Weeks, 2021 CO 75, ¶ 5 (Weeks II). We agree. ¶ 8 We review de novo whether a trial court complied with the restitution statute. See Weeks II, ¶ 24; see also People v. Roddy, 2021 CO 74, ¶ 23. ¶ 9 Weeks II, ¶¶ 4-5, plainly requires that when a trial court defers determination of the restitution amount at sentencing, it must either (1) determine the amount of restitution within ninety-one days of the order of conviction or (2) make an express finding of good cause for extending that deadline before the deadline expires. Absent an express and timely good cause finding, the trial court 
 3 lacks authority to order restitution after the ninety-one-day deadline. Id. at ¶ 45; People v. Brassill, 2024 COA 19, ¶¶ 56-58; People v. Roberson, 2023 COA 70, ¶ 12 (cert. granted Apr. 8, 2024). ¶ 10 It is undisputed that the trial court here entered restitution long after the ninety-one-day deadline expired. And the responsibility to enter a timely restitution order falls to the court — not the defendant. See Brassill, ¶ 20 (“[T]he [restitution] statute places an obligation on the sentencing court to ensure that restitution is resolved within ninety-one days from the entry of the order of conviction.”); see § 18-1.3-603(1)(b) (referring to the court’s obligation to enter a timely restitution order). ¶ 11 We reject the People’s suggestion that Melendez-Carrera somehow waived the ninety-one-day deadline or “invited” the untimely restitution order. Melendez-Carrera didn’t ask for an extension of the restitution deadline, nor did he ask that the restitution hearing be set outside the ninety-one-day deadline. He 
 4 simply pointed out the violation of the ninety-one-day deadline, and he did so within the briefing schedule set by the court.
1 ¶ 12 That leaves only the question of whether the trial court made an express and timely good cause finding to extend the deadline before the deadline expired. See Weeks II, ¶¶ 39-40. It did not. The only order the court entered before the statutory restitution deadline passed was an order adopting the prosecution’s request that any objection be filed within thirty-five days. That order didn’t acknowledge the ninety-one-day deadline, let alone include any express good cause findings to extend it. And because any express good cause findings had to be made before the ninety-one-day deadline passed, we don’t agree with the People’s contention that later events somehow established good cause to extend the deadline. See id. at ¶ 7 (noting that neither belated requests nor belated orders “may act as a defibrillator to resuscitate an expired deadline”). 1 Even assuming Melendez-Carrera had some obligation to assert the right to a timely restitution determination, the failure to assert such a right would be a forfeiture, not a waiver. See People v. Turner, 2022 CO 50, ¶ 14 (A forfeiture is “the failure to make the timely assertion of a right.”) (citation omitted). 
 5 ¶ 13 Because the trial court didn’t impose the amount of restitution within the ninety-one-day deadline and didn’t make a good cause finding to extend that deadline, it lacked authority to enter the restitution order. And because the entry of an order that the court lacked authority to enter, “by definition, is not harmless,” People v. Mickey, 2023 COA 106, ¶ 11, we also reject the People’s contention that vacatur isn’t required because any error was harmless. See Weeks II, ¶¶ 45-47 (vacating a restitution order that was entered after the ninety-one-day deadline because the court “lacked authority” to enter it); see also Roberson, ¶ 32 (observing that when Weeks II vacated the restitution order, “it did not consider harmlessness”). ¶ 14 We therefore must vacate the restitution order. Having so concluded, we needn’t consider Melendez-Carrera’s remaining challenges to the restitution order. III. Disposition ¶ 15 The restitution order is vacated. JUDGE YUN and JUDGE MOULTRIE concur.