24CA0063 Peo in Interest of XXB 07-31-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0063
Arapahoe County District Court No. 23JD68
Honorable Bonnie H. McLean, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of X.X.B.,

Juvenile-Appellant.

---

ORDER VACATED

Division II
Opinion by JUDGE HARRIS
Fox and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 31, 2025

---

Philip J. Weiser, Attorney General, Caitlin E. Grant, Assistant Attorney
General, Denver, Colorado, for Petitioner-Appellee

Megan A. Ring, Colorado State Public Defender, Chloe Sovinee-Dyroff, Deputy
State Public Defender, Denver, Colorado, for Juvenile-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1 After the fifteen-year-old juvenile defendant, X.X.B., was arrested for stealing a car, he pleaded guilty to aggravated motor vehicle theft and agreed to pay restitution.

¶ 2 Under the restitution statute, the court had ninety-one days from the sentencing date to enter a restitution order, unless it found good cause to extend the statutory deadline. Ninety-six days after sentencing, the court held a hearing and entered the restitution order.

¶ 3 X.X.B. challenges the restitution order on various grounds, arguing, primarily, that the court lost authority to enter the order after the ninety-one-day deadline expired. We agree and therefore vacate the order without addressing his other challenges.

I. Timeliness of the Restitution Order

A. Legal Principles and Standard of Review

¶ 4 Every judgment in a felony case must include "consideration of restitution," meaning that at the time of sentencing, the court must make an initial determination of the defendant's liability for restitution, even if the amount is determined later. § 18-1.3-603(1), C.R.S. 2024; *see People v. Weeks*, 2021 CO 75 (*Weeks II*), *aff'g* 2020 COA 44 (*Weeks I*).

1

¶ 5    When, as here, the court assigns liability for restitution but defers fixing the amount, the final restitution order must be entered within ninety-one days unless, before the statutory deadline expires, the court finds good cause to extend it.  § 18-1.3-603(1)(b); *Weeks II*, ¶ 39.  Absent a timely good-cause finding, a trial court lacks authority to enter an order fixing the amount of restitution once the deadline has expired.

¶ 6    Whether the trial court correctly applied the restitution statute is a question of law that we review de novo.  *See People v. Ortiz*, 2016 COA 58, ¶ 15.

### B.    Relevant Facts

¶ 7    X.X.B. was sentenced on August 23, 2023.  Therefore, the court had until November 22, 2023, to enter a restitution order.

¶ 8    The prosecution filed a motion for restitution, which X.X.B. opposed, and the court set a hearing for October 12.  On the day of the hearing, the prosecutor requested a continuance to confirm information that she had "overlooked" concerning the amount of restitution and the identities of the victims.  Defense counsel objected, noting that the prosecutor had had the necessary information for "over a year."

¶ 9 The court reasoned that "time is really not an issue" and found "good cause to continue" the hearing, citing the amount of discovery and the fact that the victim "is only Spanish speaking." Although there were still forty-one days before the statutory deadline expired, and the court thought the circumstances warranted only a "short continuance," the court, without referencing the restitution deadline, continued the hearing for nearly seven weeks — to November 27, five days after the expiration of the statutory deadline. Defense counsel noted her continuing objection.

¶ 10 When the parties appeared for the November hearing, defense counsel argued that the court could no longer enter a restitution order because the deadline had passed. The court rejected that argument, concluding that "implicit in th[e] good cause finding" to "grant the continuance" of the hearing was a finding of "good cause to extend the 91-day deadline." And, the court explained, "if [a good cause finding] was not explicitly stated on the record [at the October hearing]," the court was finding that good cause did, in fact, exist at the time to extend the deadline.

¶ 11 After the hearing, the court entered an order requiring X.X.B. to pay $1,715 in restitution.

## C. Application

¶ 12    No one disputes that the court entered the restitution order after the presumptive ninety-one-day deadline. The only question, then, is whether the court made a timely and express finding of good cause to extend the statutory deadline.

¶ 13    To be timely, the good-cause finding must be made before the deadline expires. *Weeks II*, ¶ 7. A finding made after the deadline cannot "act as a defibrillator to resuscitate an expired deadline." *Id.*

¶ 14    To be express, the good-cause finding must specifically "relat[e] to good cause *for extending the court's deadline*" under section 18-1.3-603(1)(b). *Id.* (emphasis added).

¶ 15    Here, the court made *an* express good-cause finding, but it related only to the prosecutor's request for more time to confirm certain information, not to the court's own deadline to fix the amount of restitution. To comply with the statute, the court had to specifically find good cause to justify exceeding the ninety-one-day statutory deadline. *See id.* (explaining that an order granting a prosecutor's request for "more time to determine the proposed amount of restitution" does not automatically "justif[y] extending

4

. . . the court's deadline in subsection (1)(b)"). We conclude that the court failed to make such a finding.

¶ 16    At the October hearing, the court did not acknowledge the statutory deadline, much less give any reason why the deadline had to be extended. And at that time, more than forty days remained within the ninety-one-day statutory period. *See People v. Roberson*, 2023 COA 70, ¶¶ 16, 21 (court failed to make the requisite express good-cause finding when, "without explaining why a restitution hearing could not be conducted within the forty-two days remaining before expiration of the statutory deadline, the court simply set a hearing beyond ninety-one days"), *rev'd on other grounds*, 2025 CO 30. The prosecutor did not ask for more than forty days to gather the necessary information, and nothing in the record suggests that she needed more than the "short continuance" the court said was warranted. In fact, the prosecutor indicated that, if necessary, she could proceed to a hearing that day.

¶ 17    At the November hearing, the court ruled that by granting the requested continuance, it had implicitly found good cause for extending the section 18-1.3-603(1)(b) deadline. But this reasoning, advanced by the dissent in *Weeks I*, ¶¶ 36-38, was

rejected by the supreme court, *see Weeks II*, ¶¶ 21, 44 (noting the *Weeks I* dissent's position, but explaining that if the trial court extends the prosecution's deadline, it must still make an express good-cause finding to extend its own deadline under subsection (1)(b)). An implicit finding is insufficient: while "talismanic incantations" are unnecessary, *id.* at ¶ 7 n.4, before the court runs over the statutory deadline, it must *expressly* find good cause to do so, *id.* at ¶ 7. And the court's subsequent belated finding of good cause to extend the deadline merely confirms that it did not make a timely good-cause finding at the October hearing.

¶ 18     On appeal, the People do not dispute that the court failed to make a timely, express finding of good cause to extend the deadline to fix restitution. Instead, they argue that X.X.B. waived the statutory deadline in his plea agreement; even so, the court complied with "the spirit of" *Weeks II*; and, regardless, any error was harmless. We are not persuaded.

¶ 19     First, we do not read the relevant provision of the plea agreement as a waiver of any rights or obligations. In his plea agreement, X.X.B. agreed that "the specific amount of restitution shall be determined within 91 days, or longer for good cause." The

6

People do not explain how that sentence limits X.X.B.'s rights under the restitution statute, except to say that "[t]he circumstances implicated good cause." If their argument is that by agreeing to that provision, X.X.B. voluntarily waived any requirement that *the court* make an express good-cause finding, *see Babcock v. People*, 2025 CO 26, ¶ 27 (concluding that because section 18-1.3-603(1)(b) is not jurisdictional, "its provisions can be waived"), we disagree that a reasonable person would interpret the provision that way, *see People v. Johnson*, 999 P.2d 825, 829 (Colo. 2000) (Courts interpret plea agreements by "focusing on the meaning a reasonable person would have attached to the agreement under the circumstances."). In our view, a reasonable juvenile defendant would have understood that sentence to be a mere reiteration of the court's obligations under the restitution statute. Nothing in the plea agreement suggests that the court is exempt from "the unambiguous mandate" in section 18-1.3-603(1)(b). *People v. Martinez Rubier*, 2024 COA 67, ¶ 32 (plea agreement did not waive defendant's right to challenge prosecution's compliance with its obligations under the restitution statute).

¶ 20    Next, courts must comply with the restitution statute and supreme court case law construing it. *See, e.g., Pella Windows & Doors, Inc. v. Indus. Claim Appeals Off.*, 2020 COA 9, ¶ 37 (lower courts must follow the supreme court's interpretation of a statute). Thus, complying with "the spirit of" *Weeks II* is insufficient, particularly because the point of the case was to bring trial courts into stricter compliance with the statute. *Weeks II*, ¶¶ 1-2; *see also Snow v. People*, 2025 CO 32, ¶ 36 (explaining that "what animated [the] decision in *Weeks* [*II*]" was a determination to "buck the stubborn trend" of noncompliance with the restitution statute). In any event, the basis of the People's argument is that the court did not "needlessly stall the proceedings," but, as we have noted, nothing in the record shows that the court had a reason to delay the continued restitution hearing beyond the statutory deadline.

¶ 21    Finally, *Snow* forecloses the argument that any error is harmless. If the trial court, after entering a section 18-1.3-603(1)(b) order at sentencing, "fails to comply with the ninety-one-day deadline," it acts without authority in entering a final restitution order, and the only appropriate remedy is vacatur of the order. *Snow*, ¶ 31.

## II.  Disposition

¶ 22   The restitution order is vacated.

JUDGE FOX and JUDGE BERNARD concur.