22CA0596 Peo v Redwine 04-09-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA0596
La Plata County District Court No. 17CR343
Honorable Jeffrey R. Wilson, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Mark Allen Redwine,

Defendant-Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Kuhn and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 9, 2026

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellant

Megan A. Ring, Colorado State Public Defender, Jason C. Middleton, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 A jury found Mark Allen Redwine guilty of second degree murder and child abuse resulting in death for the murder of his child. One hundred thirty-eight days after sentencing, the trial court ordered $900 in restitution for the cost of the child's burial plot.

¶ 2 In this appeal, Redwine challenges the restitution order, arguing that (1) the trial court and prosecution failed in their statutory obligations at the time of sentencing regarding restitution; (2) the court erred by finding that good cause existed to extend the statutory ninety-one-day deadline to determine restitution; and (3) the court erred by finding good cause to further continue the restitution hearing based on the prosecution witness's surgery.[1]

¶ 3 We discern no reversible error and therefore affirm the order.

## I. The Restitution Statute and *Weeks*

¶ 4 Under Colorado's restitution statute, every order of conviction must include one of four types of restitution orders. § 18-1.3-603(1), C.R.S. 2023. As relevant here, one of those options is an order "that the defendant is obligated to pay restitution, but that

---

[1] Redwine has separately appealed the judgment of conviction in Colorado Court of Appeals Case No. 21CA1859.

1

the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined." § 18-1.3-603(1)(b).

¶ 5    The statute also requires the prosecution to file information supporting a specific amount of restitution "prior to the order of conviction or within ninety-one days, if it is not available prior to the order of conviction." § 18-1.3-603(2)(a).

¶ 6    In *People v. Weeks*, 2021 CO 75 (*Weeks II*)[2], the supreme court interpreted these provisions of the restitution statute as follows. First, the prosecution must file its information supporting a specific amount of restitution "before the judgment of conviction or, if it isn't yet available, within ninety-one days of the judgment of conviction." *Id.* at ¶ 31.  Second, if the court proceeds under section 18-1.3-603(1)(b), the judgment of conviction must include an order that the defendant is obligated to pay restitution but that

---

[2] We use the shorthand "*Weeks II*" because later in this opinion we also cite the opinion from a division of this court that preceded the supreme court's opinion in *Weeks II*, namely, *People v. Weeks*, 2020 COA 44, *aff'd*, 2021 CO 75, for which we will use the shorthand "*Weeks I.*"

the specific amount will be determined later. *Weeks II*, ¶ 4. And third, if the court determines that an extension of its ninety-one-day deadline to order an amount of restitution is warranted, it must make an express finding of good cause, before the ninety-one-day deadline expires, to extend the deadline. *Id.* at ¶ 5.

## II. Background

### A. The Sentencing Hearing and Mittimus

¶ 7 The sentencing hearing took place on October 8, 2021, one month before the supreme court issued its opinion in *Weeks II*.

¶ 8 At the hearing, the prosecutor said that he did not have a victim impact statement on file and requested that restitution "remain open" for ninety-one days. Defense counsel objected, arguing that a victim impact statement should have been completed before sentencing. The court asked defense counsel when he noticed the absence of a victim impact statement, and defense counsel responded that he noticed the day before. The court then found that both parties had been dilatory on the issue and said, "[W]e're gonna go forward." Restitution was not discussed further at the hearing. The court sentenced Redwine to forty-eight years in the custody of the Department of Corrections (DOC).

¶ 9      On the same day, the court issued a mittimus that read, in pertinent part, "DEF TO PAY ALL COSTS, FEES AND ANY RESTITUTION, WHICH SHALL BE FILED WITHIN 45 DAYS." So, the court's forty-five-day deadline for the prosecution to file its motion for restitution and costs was November 22, 2021, and the statutory ninety-one-day deadline for the court to order a specific amount of restitution was January 7, 2022.

### B. The Proceedings During the First Ninety-One Days After Sentencing

¶ 10      On November 29, 2021, one week after the expiration of the court-imposed deadline, the prosecution filed a motion for the costs of prosecution, detailing a multitude of expenses incurred during the four-year history of the case totaling more than $100,000. However, the motion did not include any request for restitution. The next day, the prosecution filed an amended motion for its prosecution costs but again did not mention restitution.

¶ 11      On December 13, 2021, the defense filed an "objection to untimely filing," arguing that the court "lack[ed] jurisdiction" to rule on the motion because the prosecution filed it past the court-imposed deadline of November 22, 2021.

4

¶ 12    Then, on December 21, 2021 — seventy-four days after sentencing — the prosecution amended its motion to include a request for $900 in restitution for the cost of the victim's burial plot.  It also filed a response to the defense's objection, in which it explained its reasons for not meeting the court's forty-five-day deadline:

> The People have been in regular consultation with the victim's family throughout the long history of this case, including on the issue of restitution, and neither have been dilatory nor negligent on the topic.  Instead, the victims have contemplated carefully whether to seek restitution in this case, and for what categories, if at all.  Their specific financial expenses due to the defendant's criminal acts are beyond reasonable calculation; they are dispersed over a[] 9-year time period [since the murder] among many different potential categories, and would require the victim's family to search through years of financial records to locate all of the pecuniary losses associated with this case.  After deliberation, and for a host of reasons, the victim's family has chosen to forgo most restitution, instead focusing on the most recent cost, securing a final resting place for the victim.  Their decision, and the associated costs of the burial plot, were determined by the family recently, thus explaining the delay in the People's $900 restitution request being filed on December 21, 2021.

The prosecution also argued that, despite its failure to request restitution by the forty-five-day deadline, the court still had ample time to order restitution within the statutory ninety-one-day deadline for what was "a simple request, comprised of single expense, documented with a valid receipt, for a clearly authorized expense."[3]

¶ 13　On December 28, 2021, the court set a hearing on the prosecution's motion for restitution and the costs of prosecution for January 4, 2022 (three days before the expiration of the statutory ninety-one-day deadline). In doing so, the court noted that it still had jurisdiction to rule on the motion despite the prosecution missing the court-imposed forty-five-day deadline.

¶ 14　The next day, the defense filed a motion for a writ of habeas corpus to transport Redwine from the DOC to the courthouse for the hearing on January 4.

¶ 15　However, on January 2 — two days before the scheduled hearing, and five days before the ninety-one-day deadline — the court issued an order finding good cause to continue the restitution

---

[3] The motion also included a multitude of costs incurred by the prosecution in litigating the four-year case.

hearing beyond the ninety-one-day deadline. Specifically, the court found as follows:

- It had excused the prosecution's failure to file the motion for restitution and costs within the court-imposed forty-five-day deadline.

- The defense had not filed an "appropriate" motion for a writ of habeas corpus for Redwine to appear at the January 4 restitution hearing.

- The sheriff's office had informed the court clerk's office that even if it was provided with a proper writ of habeas corpus, it did not believe it could transport Redwine to the January 4 restitution hearing because of DOC requirements, the New Year's Day holiday, its staffing levels, and other transports it was obligated to complete.

- Although the defense had objected to the original motion for the costs of prosecution, it hadn't objected to the amended motion containing the prosecution's restitution request.

- Despite the lack of objection, the court found that "it needs a hearing upon this matter prior to determining

7

the amount of restitution to be ordered" because of "the extremely contentious history of this case and defense counsel's attempt to procure [Redwine's] presence at the hearing."

- Under those circumstances, the court found "that good cause exists for [it] to hold the hearing and determine the amount of restitution owed outside of the 91-day time limit" because of "the need for a hearing . . . coupled with the late, but statutorily timely, filing of the restitution request and the difficulties in obtaining [Redwine's] presence at the hearing."

The court set a January 4 Webex hearing to reschedule the hearing on restitution and the costs of prosecution.

¶ 16　One day after the court issued this order, and one day before the January 4 scheduling hearing, the defense filed an objection to the continuance, arguing that the prosecution should have moved for a specific amount of restitution at sentencing or, at the very least, by the court-ordered forty-five-day deadline.

¶ 17　At the scheduling hearing, Redwine appeared via video, and the court expressed surprise that he was appearing without a video

8

writ. Redwine's counsel again objected to the continuance beyond the ninety-one-day deadline and asserted that he and his client were ready to proceed that day via Webex with the hearing on restitution and the costs of prosecution. However, given that the court had continued the hearing on the motion and was holding the Webex hearing only to reschedule the hearing on the motion, the prosecutor represented that he was not prepared to proceed that day via Webex. And when the court remained firm about rescheduling the substantive hearing and asked defense counsel how long would be required for the hearing, defense counsel responded "half a day" at a "minimum" given complexities surrounding the prosecution's motion for the prosecution costs. The court then proposed a rescheduled hearing date of February 4, 2022, and, although the defense initially requested a date later in February, both parties ultimately agreed to the February 4 hearing date.

## C. The Remaining Proceedings

¶ 18 On January 26, 2022, the prosecution moved to continue the February 4 hearing. In the motion, the prosecution relayed that its witness for the restitution hearing — the victim's mother — was

having surgery on January 26 and would be continuing to convalesce on February 4. Given that it was unclear how long the witness's recovery period would be, the prosecution requested a five-week continuance in the event that she would be required to appear in person, and a three-week continuance if she could appear remotely.

¶ 19 The court ordered the defense to file any response by noon on January 31, 2022. After the court didn't receive a response by that deadline, it granted the prosecution's request to continue the restitution hearing and ordered counsel to appear via Webex on February 4 to reschedule the hearing. Later that same day, the defense filed an objection arguing, among other things, that the prosecution had not shown due diligence by waiting until January 26 to request the continuance.

¶ 20 At the February 4 Webex hearing, the prosecutor said that the victim's surgery made it difficult for her to sit for extended periods of time. The court rescheduled the hearing on restitution and the costs of prosecution for February 24, 2022.

¶ 21 After further briefing, the court issued an order denying the prosecution's request for the costs of prosecution on the ground

that Redwine did not have the ability to pay the extensive costs. That left outstanding only the prosecution's request for $900 in restitution for the cost of the victim's burial plot.

¶ 22    Then, on February 23, 2022 (the day before the scheduled restitution hearing), the court issued an order vacating the hearing. In the order, the court noted that after it denied the prosecution's request for the costs of prosecution, the court received an email from the defense that read,

> Mr. Redwine . . . has requested that the costs hearing be vacated based on the prosecution's pleading and the court's order.  He is not contesting the amount of restitution requested ($900).  As identified in the order, he has preserved timing and jurisdiction objections [to restitution] for which the court will not take further evidence or argument.  There is no objection as to [the] amount [of restitution] so based on [the court's order denying the costs of prosecution] there is no longer any contested issue necessitating the [restitution] hearing.

Based on that representation from the defense, the court vacated the restitution hearing and ordered $900 in restitution.

### III.    Standard of Review

¶ 23    The proper interpretation of the restitution statute is a question of law that we review de novo.  *Weeks II,* ¶ 13.

11

¶ 24    "However, the issue of whether good cause exists to extend the ninety-one-day deadline to determine restitution under section 18-1.3-603(1)(b) is reviewed for an abuse of discretion." *People v. Weeks*, 2020 COA 44, ¶ 11 (*Weeks I*), *aff'd*, 2021 CO 75; *cf. People v. Hines*, 2021 COA 45, ¶ 17 ("[W]e review for an abuse of discretion the district court's decision to grant a continuance for good cause."). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misconstrues or misapplies the law. *Weeks I*, ¶ 11.

## IV.    Analysis

### A.    The Sentencing Hearing and Mittimus

¶ 25    Redwine first contends that both the prosecution and the trial court failed to comply with their statutory obligations regarding restitution at sentencing.

### 1.    Error

¶ 26    The record indicates that Redwine is correct as to the prosecution. In *Weeks II*, ¶ 46, the supreme court "infer[red] from the restitution statute that the legislature expects litigants . . . to be prepared to address the issue of restitution at sentencing hearings." Specifically, "by the time of the sentencing hearing, the prosecution

12

should know whether it is seeking restitution, even if the information related to the proposed amount isn't yet available." *Id.* at ¶ 44 n.14.

¶ 27 Here, the record suggests that the prosecutor was unprepared to address the issue of restitution at sentencing because he did not have a victim impact statement on file. *See* § 18-1.3-603(2)(a) (The prosecution shall present information in support of restitution "through victim impact statements or other means."). Instead, the prosecutor simply requested that restitution "remain open for 91 days."

¶ 28 And, because the prosecutor did not explain why he did not have restitution information ready at the time of sentencing, the trial court erred by extending the prosecution's deadline to request a specific amount of restitution. *See People v. Martinez Rubier*, 2024 COA 67, ¶¶ 35-41; *People v. Brassill*, 2024 COA 19, ¶¶ 30-45 (*cert. granted* Aug. 4, 2025).

¶ 29 However, we conclude that the trial court did not lose the statutory authority to impose restitution after sentencing. *See Martinez Rubier*, ¶¶ 42-54; *Brassill*, ¶¶ 56-64. On the mittimus, the court specifically ordered, "DEF TO PAY ALL COSTS, FEES AND

ANY RESTITUTION." And the trial court gave the prosecution forty-five days to determine the amount of restitution it intended to request. We conclude that this was sufficient to constitute a restitution order under section 18-1.3-603(1)(b). *See* § 18-1.3-603(1)(b) (authorizing "[a]n order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined" later); *cf. Tennyson v. People*, 2025 CO 31, ¶¶ 10, 45 (concluding that the trial court *implicitly* found at sentencing that the defendant was liable for restitution but that the amount of restitution would be determined later); *People v. Tennyson*, 2023 COA 2, ¶ 37 (clarifying that the mittimus in *Tennyson* did not include any notation regarding restitution), *aff'd*, 2025 CO 31; *see also Weeks II*, ¶ 7 n.4 ("In requiring an express finding of extenuating circumstances to extend the prosecution's deadline and an express finding of good cause to extend the court's deadline, we don't mean to suggest that talismanic incantations are necessary. In both instances, substance controls over form.").

¶ 30     And because the defense had an opportunity to be heard at the sentencing hearing, we are unpersuaded by Redwine's

argument that the court erred by entering that notation on the mittimus without giving the defense an opportunity to be heard.

### 2. The Error Does Not Warrant Reversal

¶ 31 We conclude that reversal is not warranted. In *Brassill*, a division of this court considered what the proper remedy was for the prosecution's failure to exercise reasonable diligence to determine the amount of restitution before sentencing, and for a trial court's decision to excuse the prosecution's error in that regard. *See Brassill*, ¶¶ 46-49, 56-63. The division, in effect, held that the prosecution's and trial court's error was harmless because the court never lost the authority to order restitution under section 18-1.3-603(1)(b). *See Brassill*, ¶¶ 56-63. Another division of this court reached the same conclusion in *Martinez Rubier*, ¶¶ 42-54.

¶ 32 Because we ultimately conclude below that the trial court never lost the authority to order restitution under section 18-1.3-603(1)(b), and because Redwine has not shown that he suffered actual prejudice by any delay (such as faded memories of witnesses or the loss of material evidence), the prosecution's failure to be prepared at sentencing to address restitution does not warrant reversal. *See Martinez Rubier*, ¶¶ 42-54; *Brassill*, ¶¶ 56-63.

15

B.     The Extension of the Statutory Ninety-One-Day Deadline

¶ 33     Redwine also contends that the trial court lost the authority to order restitution when it continued the restitution hearing beyond the statutory ninety-one-day deadline.  But again, section 18-1.3-603(1)(b) requires that "the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, *unless good cause is shown for extending the time period by which the restitution amount shall be determined.*"  (Emphasis added.)  If a trial court determines that an extension of the ninety-one-day deadline is warranted, it must make an express finding of good cause, before the ninety-one-day deadline expires, to extend the deadline.  *Weeks II*, ¶ 5.

¶ 34     The trial court did that.  In the court's January 2, 2022, written order — issued five days before the ninety-one-day deadline — it expressly found good cause to extend the deadline based on a combination of several reasons.  First, although the prosecution had not met its court-imposed forty-five-day deadline to move for a specific amount of restitution, it *did* file its restitution motion before the ninety-one-day deadline under section 18-1.3-603(2), which led the court to believe that it could resolve

the restitution issue within the ninety-one-day deadline. And the court scheduled the restitution hearing for January 4, 2022, within the ninety-one-day deadline.

¶ 35   Second, the court pointed out that the defense had not filed any objection to the prosecution's restitution motion between December 21, 2021, and January 2, 2022. However, the defense did file an apparently deficient motion for a writ of habeas corpus for Redwine to appear in person at the January 4 restitution hearing. So, the court reasonably concluded that the prosecution's restitution motion was contested and that a hearing was necessary.

¶ 36   And third, the court ultimately learned that Redwine could not be transported from the DOC to the courthouse on January 4. Under these circumstances, we discern no error in the court's finding that good cause existed to continue the combined hearing on restitution and the costs of prosecution beyond the ninety-one-day deadline. *See People v. Hernandez*, 2019 COA 111, ¶ 19 ("[A] restitution hearing is a proceeding at which a defendant has a right to be present.").

¶ 37   Also, we have found nothing in the record showing that either party suggested, leading up to the January 4 hearing, that the

combined hearing on restitution and the costs of prosecution should be held remotely via Webex. On appeal, Redwine argues that he "could have waived his appearance or arranged to appear electronically (as ultimately happened), once timely informed of difficulties in securing his physical presence" at the January 4 hearing. But he did not make that argument in his objection filed the day before the hearing. Instead, he argued in that filing — filed four days before the expiration of the ninety-one-day deadline — that the court would be unable to meet the ninety-one-day deadline. And once the court had already ruled that the January 4 Webex hearing was being held solely to reschedule the combined hearing on restitution and the costs of prosecution, Redwine's surprise appearance at the hearing did not affect the court's justification for continuing the hearing.

¶ 38      Further, we have found nothing in the record showing that either party requested that the restitution proceedings be bifurcated from the proceedings related to the prosecution's extensive request for the costs of prosecution. Although the defense ultimately objected in February 2022 filings on the ground that Redwine was financially unable to pay such extensive costs of prosecution, it did

18

not lodge that objection in its filing on December 13, 2021 — filed nearly a month before the ninety-one-day deadline — in which it focused on the prosecution's failure to meet the court-imposed forty-five-day deadline.

C. The Second Continuation of the Restitution Hearing

¶ 39 We also discern no reversible error in the trial court's decision to continue the restitution hearing a second time based on the victim's mother's surgery. The court issued its ruling after the defense failed to timely object to the prosecution's request for the extension based on the surgery. We recognize that the defense's lateness in objecting to the prosecution's motion for a continuance was trivial compared to, for example, the much more substantial delay by the prosecution in filing its motion for restitution. However, we discern no basis for reversal on this issue.

V. Disposition

¶ 40 The restitution order is affirmed.

JUDGE KUHN and JUDGE SULLIVAN concur.